UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
THE HILSINGER COMPANY,                  )
                                        )
          Plaintiff,                    )
                                        )    Civil Action No.
     v.                                 )    14-14714-FDS
                                        )
KLEEN CONCEPTS, LLC,                    )
                                        )
          Defendant.                    )
_____)


MEMORANDUM AND ORDER ON
MOTION TO AMEND THE COMPLAINT

SAYLOR, J.

      This is an action for trademark infringement.  Plaintiff Hilsinger Company has brought

suit against defendant Kleen Concepts, LLC.  The complaint alleges that Kleen's use of the mark

"SHIELDME," in connection with cleaning products has infringed Hilsinger's "SHIELD" brand.

The complaint alleges claims under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and for

violation of common-law trademark rights.

      On January 15, 2016, the deadline to amend the pleadings, Hilsinger moved to amend its

complaint for a third time.  The proposed third amended complaint ("TAC") adds a claim for

false designation of origin pursuant to 15 U.S.C. § 1125(a) and alleges that Kleen's "Made in the

USA" product labels are false and misleading.  Kleen contends that the motion to amend should

be denied on the grounds of undue delay, futility, and bad faith by Hilsinger.

      For the following reasons, the motion to amend the complaint will be granted.

I.      **Background**

On December 23, 2014, Hilsinger filed its initial complaint against FBW Investments, LLC.  The initial complaint alleged five claims:  (1) Lanham Act trademark infringement in violation of 15 U.S.C. § 1114; (2) Lanham Act unfair competition in violation of 15 U.S.C. § 1125(a); (3) common-law unfair competition; (4) cancellation of U.S. Registration No. 4,027,820; and (5) cancellation of U.S. Registration No. 4,497,007.  On January 23, 2015, Hilsinger amended the complaint to correct a citation error in the title of Count One.

On February 6, 2015, FBW moved to dismiss Hilsinger's first amended complaint on the ground that the defendant did not use the challenged marks and did not sell any products.  On March 6, 2015, Hilsinger moved to file a second amended complaint to add (1) Kleen as a party defendant; (2) additional allegations relating to its claims for trademark cancellation; and (3) a claim for declaratory judgment.  The Court granted that motion on April 2, 2015.

The Court issued a scheduling order setting a deadline of January 15, 2016, for motions to amend the pleadings.  On January 15, Hilsinger moved to file a third amended complaint to add a claim for false designation of country of origin in violation of 15 U.S.C. § 1125(a) and to add allegations to support that claim.  (*See* TAC ¶¶ 37-48, 96-103).  The proposed third amended complaint alleges that in late 2013 and early 2014 "Kleen [ ] products bearing the 'Made in USA' and 'Made in the USA' designations began appearing in [ ] stores in close proximity to SHIELD Brand products that Hilsinger has been selling for years."  (TAC ¶ 41).  According to the third amended complaint, "statements such as 'Made in the USA' are likely to influence consumers' purchasing decisions."  (TAC ¶ 42).  The proposed third amended complaint further alleges that "significant components of Kleen [ ] products bearing [those] designations are

manufactured outside of the United States.  As a result, upon information and belief, Kleen's [ ]

claim that its products were 'Made in USA' is false and misleading to consumers."  (TAC ¶ 44).

## II.   <u>Legal Standard</u>

Rule 15 of the Federal Rules of Civil Procedure addresses amendments to pleadings.[1]

Under Rule 15(a), a party may amend a "pleading" without leave of court in certain relatively

narrow circumstances.[2]  "In all other cases, a party may amend its pleadings only with the

opposing party's written consent or the court's leave.  The court should freely give leave when

justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nonetheless, amendments may be denied on the

basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis*, 371 U.S.

178, 182 (1962).  In determining whether to grant a motion to amend, the Court must examine

the totality of the circumstances and "exercise its informed discretion in constructing a balance

of pertinent considerations."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

## III.   <u>Analysis</u>

Kleen contends that the motion to amend should be denied for three reasons.  First, it

contends that the motion should be denied on the ground of undue delay.  Second, it contends

that the motion is futile because the proposed amended allegations fail to state a plausible claim

for false designation of origin in commercial advertising under 15 U.S.C. § 1125(a)(1)(B).

---

[1] Once a court issues a scheduling order pursuant to Rule 16, however, a party who moves to modify the deadline to amend the pleadings or to amend the pleadings after the deadline must show "good cause."  Fed. R. Civ. P. 16(b)(4).

[2] A party may amend a pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).

Third, it contends that the motion should be denied on the basis of alleged bad faith by Hilsinger. The Court will address each argument in turn.

### A.  <u>Undue Delay</u>

In the First Circuit, it is well-established that "undue delay in moving to amend, even standing alone, may be . . . an adequate reason [to deny a motion for leave to amend]." *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (citing *Foman*, 371 U.S. at 182; *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51-52 (1st Cir. 1998)); *accord Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend."). "When 'considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some valid reason for his neglect and delay.'" *In re Lombardo*, 755 F.3d at 3 (quoting *Stephanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)).

On August 12, 2015, the Court issued the scheduling order.  That order set a January 15, 2016 deadline for motions to amend the pleadings.  If filed before or on that date, motions to amend should not normally result in "considerable time [ ] elaps[ing] between the filing of the complaint and the motion to amend." *Id.*  Hilsinger filed the present motion on January 15, 2016, before the deadline passed.  Under Rule 15, leave to amend should be freely given before the deadline passes.  Kleen has offered no evidence that it will be unfairly prejudiced, or any other reason why the delay has caused any harm.  Thus, Hilsinger did not unduly delay the proceedings by moving to amend the complaint within the deadline set by the Court in its scheduling order.

**B.** **Futility**

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.*  On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotation marks omitted).

The proposed third amended complaint adds a claim for Lanham Act false designation of origin based on Kleen's allegedly false "Made in USA" and "Made in the USA" labels appearing on certain products that compete with Hilsinger's products.  The Lanham Act prohibits false and misleading descriptions of products and services in interstate commerce. *See* 15 U.S.C. § 1125(a).  "The statute was designed to protect consumers and competitors from any duplicitous advertising or packaging which results in unfair competition." *Cashmere & Camel Hair Mfrs.*

5

*Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 310 (1st Cir. 2002) (citing 15 U.S.C. § 1125(a)).[3]  To state

a claim for false advertising under the Lanham Act, a plaintiff must allege that:

> (1) the defendant made a false or misleading description of fact or representation
> of fact in a commercial advertisement about his own or another's product; (2) the
> misrepresentation is material, in that it is likely to influence the purchasing
> decision; (3) the misrepresentation actually deceives or has the tendency to
> deceive a substantial segment of its audience; (4) the defendant placed the false or
> misleading statement in interstate commerce; and (5) the plaintiff has been or is
> likely to be injured as a result of the misrepresentation, either by direct diversion
> of sales or by a lessening of goodwill associated with its products.

*Cashmere & Camel Hair*, 284 F.3d at 310-11 (citing *Clorox Co. P.R. v. Proctor & Gamble*

*Commercial Co.*, 228 F.3d 24, 33 n.6 (1st Cir. 2000)).

    "A plaintiff can succeed on a false advertising claim by proving either that the

defendant's advertisement is literally false or implicitly false—that is, the advertisement is true

or ambiguous yet misleading." *Id.* at 311.  Where a plaintiff alleges that an advertisement is

literally false, "a violation may be established without evidence of consumer deception." *Id.*

Where a plaintiff alleges that an advertisement is implicitly false, however, "an additional burden

is placed upon the plaintiff to show that the advertisement . . . conveys a misleading message to

the viewing public." *Clorox*, 228 F.3d at 33.

    Accepting all of Hilsinger's allegations as true, it appears that the proposed third

amended complaint states a plausible claim for false designation of origin in violation of 15

---

[3] The false advertising provisions of the Lanham Act provide that:

> Any person who, on or in connection with any goods or services, or any container for
> goods, uses in commerce any word, term, name, symbol, or device, or any combination
> thereof, or any false designation of origin, false or misleading description of fact, or false
> or misleading representation of fact, which . . . in commercial advertising or promotion,
> misrepresents the nature, characteristics, qualities, or geographic origin of his or her or
> another person's goods, services, or commercial activities, shall be liable in a civil action
> by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

U.S.C. § 1125(a).  The proposed third amended complaint alleges that (1) Kleen's "labeling its products with a 'Made in USA' or 'Made in the USA' designation [is] false and intentionally deceptive" (SAC ¶ 97); (2) the false and deceptive designations are "material and [are] likely to influence consumers' purchasing decisions" (SAC ¶ 99); (3) the designation "mislead[s] consumers to believe that Kleen['s] [ ] products are actually made in the United States" (SAC ¶ 97); (4) Kleen sells its products "with [the] . . . designation through interstate commerce" (SAC ¶ 98); and (5) Hilsinger has been injured.  (*See* SAC ¶ 103); *see also Cashmere & Camel Hair*, 284 F.3d at 310-11 (listing the five factors).  The proposed third amended complaint also alleges that "[u]nder Federal Trade Commission regulations, a product must be 'all or virtually all' produced in the United States to bear a 'Made in the USA' designation."  (SAC ¶ 43).  It alleges that "significant components of Kleen [ ] products bearing the 'Made in USA' or 'Made in the USA' designations are manufactured outside of the United States," and as a result, those designations are "false and misleading to consumers."  (SAC ¶ 44).

Kleen contends that the proposed third amended complaint fails to meet the first requirement of pleading a false designation of origin claim under *Clorox*.  Specifically, Kleen contends that Hilsinger alleges a claim for *literal* falsity, but that "the few courts that have considered 'Made in the USA' designations . . . have determined that assertions of [American] origin are not susceptible to claims of literal falsity."  (Pl. Mem. 4) (citing *Honeywell Int'l Inc. v. ICM Controls Corp.*, 45 F. Supp. 3d 969, 988-89 (D. Minn. 2014); *A.P. Deauville, LLC v. Arion Perfume & Beauty, Inc.*, 2014 WL 7140041, at *3 (N.D. Cal. Dec. 12, 2014)).[4]  Those courts, according to Kleen, concluded that because there was no universal definitive meaning of "Made in the USA," claims for literal falsity were foreclosed.

---

[4] There does not appear to be a decision from the First Circuit addressing literal and implicit falsity standards for false designation of origin claims under the Lanham Act.

The proposed third amended complaint, however, appears to state a claim for false designation of origin under an *implied*-falsity theory. *See Clorox*, 228 F.3d at 33. It alleges that Kleen's "Made in the USA" labels may be literally true or even ambiguous, but because "significant components" of its product are manufactured outside the United States, the labels are "intentionally deceptive and mislead consumers to believe that Kleen['s] products are actually made in the United States." (SAC ¶¶ 44, 97).

Accordingly, Kleen has not met its burden of showing that, even when accepting all of Hilsinger's allegations as true, its claim under an implied-falsity theory fails to state a claim upon which relief can be granted. Thus, the motion to amend will not be denied on the ground of futility.

### C.      Bad Faith or Dilatory Motive

Finally, Kleen contends that Hilsinger's motion to amend should be denied on the grounds of bad faith or dilatory motive. It contends that "[f]rom the beginning, Hilsinger has sought to overburden its smaller competitor and to pry into Kleen['s] [ ] proprietary business activities" by serving "maxed-out [ ] interrogatories and requests for production." (Pl. Mem. 11). However, there do not appear to be any facts in the record that clearly demonstrate Hilsinger's alleged bad faith. Moreover, it appears that Kleen will suffer minimal, if any, prejudice as a result of the Court granting the motion to amend. *See Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) (discussing the importance of considering any prejudice to the non-moving party when deciding whether to grant leave to amend). It does not appear that granting the motion will prevent the parties from meeting the current discovery deadline of April 29, 2016. Furthermore, it appears that the newly added claim for false designation of origin under the Lanham Act focuses on the same Kleen product lines that are at issue in Hilsinger's

other Lanham Act claims.  Thus, the motion to amend will not be denied on the basis of bad faith.

**IV.**       **<u>Conclusion</u>**

For the foregoing reasons, the motion to amend is GRANTED and the proposed third amended complaint is hereby deemed to be the operative complaint, effective as of the date of this order.

**So Ordered.**

/s/  F. Dennis Saylor

Dated: February 10, 2016                F. Dennis Saylor IV

United States District Judge